[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: REQUESTION TO AMEND AND AMENDMENT (108) RE: MOTION FOR SUMMARY JUDGMENT (104)
This is a tax appeal pursuant to General Statutes Section 12-119. On October 3, 1991, the plaintiffs, Michael and Sheila Reiner, filed an amended complaint against the defendant Town of Harwinton. The plaintiffs allege that the defendant's assessment for, and the resulting tax on, their 37 Rocky Road, Harwinton, Connecticut, property was "manifestly excessive and could not have been arrived at except by disregarding the statutes for determining the valuation of such property." Complaint, Paragraph 4 of Counts 1, 2. On October 3, 1991, the defendants filed an answer to the amended complaint in which they, inter alia, denied that the assessment was manifestly excessive and in disregard of the General Statutes.
On December 4, 1991, the defendant filed a motion a motion "for permission to reamend their application for relief against excessive tax valuation." On February 13, 1992, the defendant filed an objection to the plaintiffs' motion for permission to reamend.
The motion to amend is made pursuant to Practice Book Section 176(c) which states, in pertinent part, that ". . .a party may amend his pleadings or other parts of the record or proceedings at any time subsequent to [the thirtieth day following the return day]. . .in the following manner. . . CT Page 3494 (c) By filing a request for leave to file such amendment, with the amendment appended. . . ."
The trial court "is vested with broad discretion to allow a party to amend his pleadings at any time before, during or after trial." Asherman v. State, 202 Conn. 429,438, 521 A.2d 518 (1987) (citing to Practice Book Section 176). Indeed, "[t]he court may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial." Practice Book Section 176.
The defendant objects to the request for leave to amend solely on the basis that count two of the plaintiffs' proposed amended complaint, the count which is being amended, does not state a cause of action. However, such an argument challenges the legal sufficiency of the pleadings, and consequently, is more appropriately raised in a motion to strike. Poliquin v. Stax, D.N. CV- 91- 0056349 (October 24, 1.991, Pickett, J.) Furthermore, granting the request for leave to amend would not result in substantial delay in proceeding to trial. Therefore, the defendant's objection to the request for leave to amend the complaint is overruled and, consequently, the motion for summary judgment is denied.
PICKETT, JUDGE.